**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Hale,

            Petitioner,

v.

David Shinn, et al.,

            Respondents.

No. CV-18-04523-PHX-DJH

**ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1), filed on December 6, 2018, and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Deborah M. Fine (Doc. 23) on December 16, 2019.  Petitioner filed an Objection to the R&R ("Objection") (Doc. 26) on January 21, 2020.  Respondents filed a Response to Petitioner's Objection ("Response") (Doc. 27) on February 4, 2020.

Petitioner raised a single ground for relief in his Petition: that his conviction for Sexual Exploitation of a Minor was legally insufficient because the indictment failed to identify and name the specific child victims, which Petitioner asserts is an essential element of the offense.  (Doc. 1 at 6).  After a thorough analysis, the Magistrate Judge determined that the Petition was filed after the statute of limitations period expired, that Petitioner was not entitled to statutory or equitable tolling, and that Petitioner has not demonstrated actual innocence.  (Doc. 23).  Accordingly, the Magistrate Judge recommends the Petition be denied and dismissed with prejudice.  (Doc. 23 at 18–19).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      Standard of Review

The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same).  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## II.      Background

The Magistrate Judge set forth the full procedural background of this case in the R&R.  (Doc. 23 at 2–6).  The Court need not repeat that information here.  Petitioner objects to the Magistrate Judge's recitation of the procedural background insofar as it purportedly omits one of Petitioner's state habeas petitions.  (Doc. 26 at 2).  The Court located this petition using the Maricopa County Superior Court's public, online civil docket.[1] Petitioner correctly asserts that neither the Magistrate Judge nor the Respondents mention this petition.  But the public docket indicates that the action, a petition for writ of habeas corpus, was filed on August 22, 2016, and was withdrawn by Petitioner on June 2, 2017. As will be discussed in Part IV.A., these dates fall outside of AEDPA's one-year statute of limitations, and the absence of statutory and equitable tolling make this petition irrelevant to the Court's analysis.

Beyond this limited objection, Petitioner has not objected to any of the relevant information in the background section.  Accordingly, the Court adopts that portion of the R&R.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all of any issue that is not the subject of an objection.").

…

---

[1]      The      case      history      can      be      found      at http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=cv2016-093144      (last visited Apr. 19, 2021).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**III.    Petitioner's Objections**

Aside from the factual objection mentioned above, Petitioner lodges four objections against the Magistrate Judge's R&R.  First, Petitioner argues that for purposes of statutory tolling, his discovering that the indictment failed to identify and name specific child victims was a "factual predicate," not a legal argument, and that as a result, each of his subsequent state post-conviction relief proceedings tolled the statute of limitations.  (Doc. 26 at 3).  Second, Petitioner argues that he is entitled to equitable tolling in assessing the timeliness of his federal habeas petition.  (*Id.* at 4).  Third, Petitioner claims that the Magistrate Judge improperly analyzed the merits of his Petition because Respondents "conceded" the merits by failing to address them in their Response.  (*Id.* at 5–6).  Petitioner then proceeded to address the merits.  (*Id.* at 7–11).  Finally, Petitioner argues that he is entitled to an evidentiary hearing.  (*Id.* at 12).

The Court will discuss each objection in turn.

**IV.    Analysis**

AEDPA imposes a one-year statute of limitations on state prisoners' federal petitions for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Section 2244(d)(1) states that the limitations period shall run from the latest of the date on which: (A) direct review becomes final, (B) an unlawful state-created impediment to filing is removed, (C) a new constitutional right is made retroactively available, or (D) the factual predicate of the claims presented could have been discovered with due diligence.    28 U.S.C. § 2244(d)(1)(A)–(D); *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

After conducting its own *de novo* review, the Court agrees with the Magistrate Judge that this Petition is untimely because Petitioner filed it more than two years after the AEDPA statute of limitations expired and because equitable tolling does not apply.

**A.    Statutory Tolling**

In assessing the start date for the limitations period under § 2244(d)(1), the Magistrate Judge determined that the statute of limitations for Petitioner's habeas petition

began to run on March 20, 2015.  The Court agrees.

As the Magistrate Judge noted, by pleading guilty, Petitioner waived his right to a direct appeal.  (Doc. 23 at 8).  He timely filed his Notice of Post-Conviction Relief on April 5, 2013.  (Doc. 11 at 31).  Therefore, the one-year limitations period was immediately subject to statutory tolling.  28 U.S.C. § 2244(d)(2); *see Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (noting that under AEDPA, "a prisoner is entitled to tolling for the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim'" (quoting 28 U.S.C. § 2244(d)(2))); *see also Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004) (stating that in Arizona, post-conviction review is pending once a notice of post-conviction relief is properly filed). The Maricopa County Superior Court dismissed his petition on the merits on January 12, 2015.  (*Id.* at 95–96).  Petitioner was given an additional month to file his petition for review with the Arizona Court of Appeals, but failed to do so by the March 19, 2015, deadline.  (Doc. 23 at 12).  Accordingly, the AEDPA limitations period began to run on March 20, 2015, the day the superior court's judgment became final.  This limitations period continued uninterrupted until it expired one year later, on March 21, 2016.

Although Petitioner filed a Petition for Special Action Relief on May 6, 2015 (Doc. 11 at 103), these petitions are considered petitions for writs of mandate, which do not toll the limitations period.  *See* Ariz. R.P. Special Actions 1(a); *Arizona v. Washington*, 434 U.S. 497, 501 n.6 (1978); *Hardiman v. Galaza*, 58 F. App'x 708, 710 (9th Cir. 2003). The Arizona Court of Appeals declined to exercise jurisdiction over the petition on May 8, 2015.  (Doc. 11 at 127).  Petitioner's second Notice of Post-Conviction Relief filed on April 3, 2015 (Doc. 12 at 3), was untimely and therefore did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (recognizing that if a post-conviction relief petition is untimely under state law, the federal limitations period would not be tolled); *Allen v. Siebert*, 552 U.S. 3, 7 (2007) (finding that if a state post-conviction relief petition is rejected as untimely, it was not "properly filed" and does not toll the AEDPA limitations period).  Likewise, Petitioner's third Notice of Post-Conviction Relief filed on

  
January 26, 2016 (Doc. 12 at 123), was deemed untimely and did not toll the limitations period.

Petitioner asserts that the date on which he discovered his federal constitutional claim, March 31, 2015, should be operative as commencing the statute of limitations under 28 U.S.C. § 2244(d)(1)(D) ("the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Thus, in his view, absent any further tolling, AEDPA's statute of limitations expired on April 1, 2016. As the Magistrate Judge noted, Petitioner knew or should have known about the "factual predicate of the claim" (i.e., that his indictment did not include the actual identity of any of the child victims) as early as April 2011. (Doc. 23 at 10). What Petitioner learned on March 31, 2015, was a potential legal argument underlying his claim, i.e., that he could attack his conviction for a legally insufficient indictment. This does not invoke § 2244(d)(1)(D). But assuming § 2244(d)(1)(D) applies, it would merely delay the expiration of the statute of limitations by eleven days. It does not change the untimeliness of his second and third Notices of Post-Conviction Relief, both of which did not toll the statute of limitations.

Petitioner did not file his federal habeas petition until December 3, 2018, which was more than two years after the March 21, 2016, expiration of the limitations period. Accordingly, absent equitable tolling or an exception, the Petition is untimely.

**B.    Equitable Tolling**

The Court also agrees with the Magistrate Judge that Petitioner is not entitled to equitable tolling. In his Objection, Petitioner asserts that he is entitled to equitable tolling due to infirmities in the state post-conviction procedures. (Doc. 26 at 4).

AEDPA's statute of limitations is subject to equitable tolling under limited circumstances. *Holland v. Florida*, 560 U.S. 631, 648–49 (2010). For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented" him from timely filing the petition. *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). A petitioner must exercise

"reasonable diligence, not maximum feasible diligence." *Id.* at 653 (internal citations and quotations omitted). Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement, and is unavailable in most cases. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEPDA] is very high, lest the exceptions swallow the rule" (alteration in original) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Some external force must cause the untimeliness, rather than petitioner's own "oversight, miscalculation or negligence." *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner "bears the burden of showing that equitable tolling is appropriate" in his case. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (quoting *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005)).

Petitioner cannot establish that extraordinary circumstances prevented him from timely filing his Petition. He points to his diligence in trying to have his "late-discovered" claim heard in state court and that "there exists no clear path for meaningful review" of his late-discovered claim. (Doc. 26 at 4).

This series of events does not establish extraordinary circumstances sufficient to toll the limitations period. Petitioner's own failure to timely file his petition and the inadequacy of the state post-conviction system do not constitute extraordinary circumstances that would toll the limitations period. *See Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) (stating that equitable tolling is only available "when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the petition's] untimeliness" (emphases in original) (quoting *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012))). The Court notes that Petitioner discovered his legal claim while AEDPA's statute of limitations was still running, but he failed to file a federal habeas petition before the deadline. Moreover, a *pro se* petitioner's ignorance of the law is not an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Courts have

also generally found that "difficulties attendant on prison life . . . do not by themselves qualify as extraordinary circumstances." *See, e.g.*, *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005). Petitioner's Objection that he is entitled to equitable tolling is therefore overruled. Having failed to show that he is entitled to equitable tolling, Petitioner's federal habeas petition is untimely.

Accordingly, the Court agrees with the Magistrate Judge and finds that the limitations period for Petitioner to file his habeas petition expired on March 21, 2016.

### C. Actual Innocence Exception & Merits Arguments

Petitioner's third objection reiterates many of the merits-based arguments he advances in his Petition. The Magistrate Judge, however, did not reach the merits of Petitioner's claims because she found the Petition was untimely. (Doc. 23 at 18). Whether a federal habeas petition is time-barred must be resolved before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). Moreover, what Petitioner characterizes as the Magistrate Judge's analysis of the "merits" was actually the Magistrate Judge's analysis of the "actual innocence" exception to AEDPA's one-year statute of limitations.

Petitioner did not raise an actual innocence argument in his Petition. Rather, in a single line in the conclusion to his Points and Authorities in Support of Traverse, Petitioner used the phrase "innocent-of-conduct-charged." (Doc. 21 at 6). In other words, Petitioner claims that because his charging document was legally insufficient, he is innocent of that conduct. He states that convicting "thousands" of individuals for dangerous crimes against children under indictments that "never named an authenticated 'actual minor' victim" amounts to "kidnapping and incarcering innocent-of-conduct charged individuals." (Doc. 21 at 6). This is not a claim for actual innocence. Petitioner does not attempt to satisfy the high burden of demonstrating actual innocence, which requires persuading the district court that "in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The Court agrees with the Magistrate Judge that Petitioner's Petition is untimely and that he has not made a claim for actual innocence that would justify application of an exception to the time bar.  Because his Petition is untimely, any merits-based arguments in his Petition and Objection are overruled.

### D.    Evidentiary Hearing

Petitioner objects to the Magistrate Judge's recommendation that the Court should not allow an evidentiary hearing.  (Doc. 26 at 12; Doc. 23 at 18).  Petitioner's sole basis for objecting is that "the Magistrate failed" to conduct a "correct federal analysis."  (Doc. 26 at 12).  But Petitioner fails to identify any facts or evidence that could be adduced at an evidentiary hearing that the Court is missing in assessing his claim.  The purpose of an evidentiary hearing is to determine issues of fact, not reassess issues of law.  *See Townsend v. Sain*, 372 U.S. 293, 309 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).  The Court has already determined that Petitioner's claim is untimely as a matter of law.  Because the facts are not in dispute, it is unnecessary to hold a hearing here.  Petitioner's Objection is overruled.

## IV.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 23) is **accepted** and **adopted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

…

…

1

2          **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and

3    enter judgment accordingly.

4          Dated this 19th day of April, 2021.

5

6

7    _____

8          Honorable Diane J. Humetewa
           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28